1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9  Ronald L Jackson, | No. CV-18-02914-PHX-ROS |
| 10  Plaintiff, | **ORDER** |
| 11  v. | |
| 12  Microchip Technology Incorporated, et al., | |
| 13  Defendants. | |

14

15      The parties seek preliminary approval of a proposed settlement outlined in a

16 Stipulation and Agreement of Settlement, dated March 7, 2022 (the "Stipulation").  Having

17 reviewed the history of this case as well as the Stipulation, preliminary approval will be

18 given.

19      Accordingly,

20      **IT IS ORDERED** the Motion for Preliminary Approval (Doc. 94) is **GRANTED**.

21      **IT IS FURTHER ORDERED** the parties shall comply with the following:

22      1.      All capitalized terms used in this Order that are not otherwise defined herein

23 have the meanings defined in the Stipulation.

24      2.      **The Class**:  By Order entered February 22, 2021, the Court certified a Class

25 consisting of: all persons who purchased or otherwise acquired Microchip common stock

26 on a U.S. open market during the class period March 2, 2018 through August 9, 2018, both

27 dates inclusive (the "Class Period").  Excluded from the Class, by definition, are:

28 Defendants, the officers and directors of the Company during the Class Period (the

"Excluded D&Os"), members of Defendants' and Excluded D&Os' immediate families, legal representatives, heirs, successors or assigns and any entity in which Defendants or the Excluded D&Os have or had a controlling interest.  Also excluded from the Class are any persons or entities who timely and validly sought exclusion from the Class in connection with the Class Notices that previously were disseminated pursuant to the Court's Order dated August 10, 2021 and the legal representatives, heirs, successors, assigns, or affiliates of any excluded person ("Excluded Class Members"), as set forth in paragraph 1.24 of the Stipulation.  A list of Excluded Class Members is attached to the filing at Doc. 94-1.

3.      **Preliminary Approval of the Settlement**: The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable and adequate, subject to further consideration at the Settlement Hearing.  The Court preliminarily finds the proposed Settlement should be approved as:  (i) it is the result of arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) there is no substantive deviation from the Class previously certified by the Court; and (v) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

4.      **The Settlement Hearing**:  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court at the Sandra Day O'Connor United States Courthouse, United States District Court for the District of Arizona, 401 West Washington Street, Phoenix, AZ, on June 22, 2022, at 11:00 a.m. for the following purposes:

(a)      to determine whether the Settlement is fair, reasonable and adequate, and should be finally approved by the Court;

(b)      to determine whether the Final Judgment or Alternative Judgment ("Judgment"), as provided for by the Stipulation, should be entered;

- 2 -

1
2
3

(c)     to determine whether the Plan of Allocation for the distribution of the proceeds of the Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

4
5

(d)     to consider Lead Counsel's motion for an award of Attorneys' Fees and Expenses and a Class Representative Service Award; and

6

(e)     to rule upon such other matters as the Court may deem appropriate.

7
8
9
10
11
12

5.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where doing so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court may enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.

13
14
15
16
17
18
19
20
21
22

6.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Class.  Any change to the Settlement Hearing will be posted on the Court's        docket        and        the        Settlement        Website (www.MicrochipTechnologySecuritiesLitigation.com).  Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

23
24
25
26

7.     **Retention of Claims Administrator and Provision of Notice of Settlement**:  The Court approves the retention of A.B. Data, Ltd., which it previously approved to administer the provision of the Class Notices, as the Claims Administrator and Settlement Notice Administrator.

27
28

8.     The Court approves the form, substance, and requirements of the Settlement Notice Program to provide notice of the Settlement to the Class, including the Postcard

1   Settlement Notice, the Summary Settlement Notice, the Longform Settlement Notice,

2   Proof of Claim and Release form, and the Settlement Website, substantially in the forms

3   attached to Doc. 94-1.  Notice of the Settlement and Settlement Hearing shall be given as

4   follows:

5               (a)      Not later than April 1, 2022 (the "Settlement Notice Date"), the

6   Claims Administrator shall mail, by first-class mail, postage prepaid, a copy of the

7   Postcard Settlement Notice to each Class Member or Nominee who was previously

8   mailed or forwarded the Class Notice or can otherwise be identified by reasonable

9   effort.  The Postcard Settlement Notice shall be substantially in the form attached

10  to Doc. 94-1.

11              (b)      On or before the Settlement Notice Date, the Claims

12  Administrator shall publish the Longform Settlement Notice and Proof of Claim and

13  Release form in a form available for download (*i.e.*, .pdf) on the Settlement Website.

14  In addition, the Claims Administrator shall mail or email a copy of the Longform

15  Settlement Notice and Proof of Claim and Release form to any Class Member that

16  requests one by phone, email, or mail.  The Longform Settlement Notice and Proof

17  of Claim and Release shall be substantially in the form attached to Doc. 94-1.

18              (c)      Not later than April 8, 2022, the Claims Administrator shall

19  publish the Summary Settlement Notice substantially in the form of Exhibit A-2

20  attached to Doc. 94-1 once over *PR Newswire* or a similar wire service with similar

21  reach.

22              (d)      On or before the Settlement Notice Date, the Claims

23  Administrator shall also post the following on the Settlement Website: the

24  Stipulation; the Summary Settlement Notice; the deadlines for Class Members to

25  submit Objections and Proof of Claim and Release forms; Class Representative's

26  motion for preliminary approval of the Settlement; and this Order.

27

28

9.      As provided in the Stipulation, before the Effective Date, Class Counsel may fund the Notice and Administration Account and pay the Claims Administrator fees and costs associated with the Settlement Notice Program, the review of Proof of Claim and Release forms, and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

10.      All fees, costs, and expenses incurred in notifying Class Members of the Settlement shall be paid from the Settlement Fund, and in no event shall any of the Defendants' Released Parties bear any responsibility or liability for such fees, costs, or expenses, except that Microchip, on behalf of Defendants, shall cause to be served a CAFA notice within ten calendar days of the filing of the motion for preliminary approval and all costs associated with the CAFA notice shall be paid directly by Defendants and not from the Settlement Fund.

11.      The form and content of the Settlement Notice Program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12.      At least seven calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing of the Settlement Notices in accordance with the Settlement Notice Program.

13.      **Participation in the Settlement**:  In order to be eligible to receive a distribution from the Net Settlement Fund established by the Settlement, each Claimant shall take the following actions and be subject to the following conditions:

(a)      Each Claimant shall be required to submit a Proof of Claim and

Release form ("Proof of Claim") in paper form, substantially in the form attached to Doc. 94-1, or in electronic form, in accordance with the instructions for the submission of such Proof of Claim, and supported by such documents as are designated therein and in the Longform Settlement Notice, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)     The executed Proof of Claim must be submitted to the Claims Administrator such that it is postmarked no later than 110 calendar days after the Settlement Notice Date.  Such deadline may be further extended by Court order or by Class Counsel in their discretion.  Provided that it is mailed by the claim-submission deadline, a Proof of Claim shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim forms shall be deemed to have been submitted on the date when actually received by the Claims Administrator.  Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by Order of the Court such Class Member's Proof of Claim is accepted), but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Released Defendants' Parties with respect to any Released Claims.  Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Proofs of Claim provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.

(c)     The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it

- 6 -

must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator with such supervision by Class Counsel as necessary; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(d)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     **Appearance and Objections at Final Settlement Hearing**:   Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

15.     Any Member of the Class may appear at the Settlement Hearing and object if he, she, or it has any reason (a) why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, (b) why the Plan of Allocation should not be approved as fair, reasonable and adequate, (c) why attorneys' fees, together with costs, charges and expenses should not be awarded to Lead Counsel, or (d) why an award to Lead Plaintiff for his service to the Class or pursuant to 15 U.S.C. §78u-4(a)(4) of his reasonable costs and expenses (including lost wages) directly relating to the representation of the Class should not be awarded; provided, however, that no Class Member or any other Person shall be heard at the Settlement Hearing or entitled to contest the approval

- 7 -

1   of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be

2   entered thereon approving the same, or the order approving the Plan of Allocation, or any

3   attorneys' fees, together with costs and expenses to be awarded to Plaintiff's Counsel or any

4   award to Lead Plaintiff, unless the Person objecting has filed said written objections and copies

5   of any papers and briefs with the Clerk of the United States District Court for the District of

6   Arizona and mailed copies thereof by first-class mail to Wolf Popper LLP, Attn: Joshua

7   Ruthizer, 845 Third Avenue, New York, NY 10022 and Wilson Sonsini Goodrich & Rosati,

8   P.C., Attn: Keith Eggleton, 650 Page Mill Road, Palo Alto, CA 94304, such that they are

9   received no later than June 1, 2022.

10          Any such objection must: (a) clearly indicate the objector's name, mailing address,

11   daytime telephone number and email address; (b) state that the objector is objecting to the

12   proposed Settlement, Plan of Allocation, request for an award of Attorneys' Fees and Expenses,

13   or request for a Class Representative Service Award, in *Jackson v. Microchip Technology Inc.*,

14   No. 2:18-cv-02914-ROS (D. Ariz.); (c) specify the reason(s), if any, for the objection, including

15   any legal support for such objection; (d) state the number of shares of Microchip common stock

16   purchased and sold during the Class Period; (e) list the date(s) and price(s) of Microchip common

17   stock purchased and sold during the Class Period; and (f) provide written documentation

18   (whether from the objector's bank, broker or otherwise) of such trading. In order to be

19   considered, an objection also must be signed personally by the Class Member making the

20   objection.

21          Any Member of the Class who does not make his, her, or its objection in the manner

22   provided shall be deemed to have waived such objection and shall forever be foreclosed from

23   making any objection to the fairness, reasonableness or adequacy of the proposed Settlement

24   as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs,

25   charges and expenses to Plaintiff's Counsel or Lead Plaintiff, unless otherwise ordered by the

26   Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to

27   be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or

28

the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing.  Any Class Member who does not serve notice of his, her, or its intent to appear at the Settlement Hearing pursuant to this paragraph shall not be permitted to appear at the Settlement Hearing to raise any objections.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

16.     All Class Members (except Excluded Class Members) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

17.     **Supporting Papers**:  All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five calendar days before the Settlement Hearing.  Any reply papers are to be filed with the Court and served no later than seven calendar days before the Settlement Hearing.

18.     **Appointment of Escrow Agent and Escrow Funds**:  The Court approves the appointment of Huntington Bank as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Class.

19.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Plaintiff's Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

20.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.     **Plan of Allocation, Plaintiff's Attorneys' Fees and Expenses, and Class Representative Service Award**:   At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, costs, charges and expenses and a Class Representative Service Award, should be approved.   The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or costs, charges, expenses, or a Class Representative Service Award.

22.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses or Class Representative Service Award submitted by Class Counsel or Class Representative, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

23.     **Use of this Order**:   Neither this Order nor the Stipulation, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order may be construed (a) as an admission or concession by the Defendants or the Released Defendants' Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation or this Order, or (b) against Lead Plaintiff or the Class to argue that any of their claims are without merit.   Lead Plaintiff and the Released Plaintiff's Parties

1   and Defendants and the Released Defendants' Parties and each of their counsel may file the

2   Stipulation, and/or this Order and/or the Judgment in any action that may be brought against

3   them in order to support a defense or counterclaim based on principles of *res judicata*,

4   collateral estoppel, release, good faith settlement, judgment bar or reduction or any other

5   theory of claim preclusion or issue preclusion or similar defense or counterclaim.

6          24.    **Termination of Settlement**:  If the Settlement fails to become effective as

7   defined in the Stipulation or is terminated, then, in any such event, the Stipulation,

8   including any amendment(s) thereof, except as expressly provided in the Stipulation, and

9   this Preliminary Approval Order shall be null and void, of no further force or effect, and

10  without prejudice to any Party, and may not be introduced as evidence or used in any

11  actions or proceedings by any person or entity against the Parties, and the Parties shall be

12  deemed to have reverted to their respective litigation positions in the Action as of January

13  25, 2022.

14         25.    The Court retains exclusive jurisdiction over the Action to consider all

15  further matters arising out of or connected with the Settlement.

16         Dated this 11th day of March, 2022.

17

18

19

20  _____
    Honorable Roslyn O. Silver
    Senior United States District Judge

21

22

23

24

25

26

27

28